KATIE GRIEF, Appellant, *v.* ELLEN SCHWERTHOFFER and Another, Respondents.

First Department, February 6, 1925.

Vendor and purchaser — action by purchaser to recover down payment on failure of vendor to perform within stipulated time — vendor and husband held property as tenants by entirety — husband was incompetent at time contract was executed — contract recited incompetency and contained agreement by vendor to have sale approved by court — contract specified date for closing and that time was of essence of contract — more than three months were allowed vendor to procure consent of court — inability to procure consent in time specified not defense to action by purchaser to recover back down payment.

In an action by a purchaser to recover back the down payment made on the execution of a contract for the sale of real property on the ground that the vendor had failed to perform on the date specified in the contract, it is no defense that the property was held by the vendor and her husband as tenants by the entirety, and that the vendor was unable to procure the consent of the

court to the sale of her incompetent husband's interest, within the time specified as the date for closing the title, since it appears that nearly three months were allowed to the vendor in which to procure the consent of the court, and that the contract, although reciting the incompetency of the vendor's husband and containing an agreement by the vendor to procure the consent of the court, stipulated also that time was of the essence of the contract.

MARTIN and FINCH, JJ., dissent, with memorandum.

APPEAL by the plaintiff, Katie Grief, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of Bronx on the 15th day of January, 1924, affirming a judgment of the Municipal Court of the City of New York, Borough of Bronx, Second District, dismissing the plaintiff's complaint on the merits and granting the defendants a judgment for $750 on a counterclaim interposed in the answer.

*Joseph L. Frieder,* for the appellant.

*Cohn & Cohn [John W. Remer* of counsel], for the respondents.

MERRELL, J.:

The action is brought to recover the sum of $250 down payment made at the time of the execution of a contract by the defendant Ellen Schwerthoffer to the plaintiff on or about April 6, 1922, whereby the said defendant contracted and agreed to sell to the plaintiff a parcel of real property on One Hundred and Sixty-second street in the borough of The Bronx, New York city. The real property in question was owned by the said defendant and her husband, Louis Schwerthoffer, as tenants by the entirety. Louis Schwerthoffer at the time of the execution of the contract by his wife was an incompetent person and confined in the State Hospital for the Insane at Central Islip, N. Y., and the contract executed by his wife contemplated the inclusion of the interest of the incompetent husband as tenant by the entirety of said premises in the sale thereof. The contract, among other things, provided as follows: "It is hereby understood and agreed between the parties hereto that Louis Schwerthoffer, the husband of the seller, owns the premises with the said seller by an estate by the entirety; and that the said Louis Schwerthoffer has been committed to the State Hospital at Central Islip, Long Island, and that a committee for the said Louis Schwerthoffer is about to be appointed and that directly upon the appointing of his committee, application shall be made by the seller to the Supreme Court for its approval of this contract of sale; and should the seller be unable to obtain the approval of the Supreme Court to this sale, then and in that event this contract shall become null and void and neither shall have any claim against the other by reason of the non-fulfillment of

this contract except that the seller shall repay to the purchaser the sum of Two hundred and fifty dollars deposited with her upon the closing of this contract." The contract price of the premises was $13,000.

At the time of the execution of the contract proceedings had been commenced by the Attorney-General for the appointment of the defendant Ellen Schwerthoffer as committee of the person and property of the incompetent tenant by the entirety preliminary to proceedings to sell his interest in said real property. The contract further provided that " the deed shall be delivered upon the receipt of said payments at the office of Cohn & Cohn, No. 2 Rector Street, Borough of Manhattan, New York City, at 11 A. M. o'clock, on July 1st, 1922, time to be of the essence of this contract."

Pursuant to the application of the Attorney-General, on May 2, 1922, the defendant Ellen Schwerthoffer was appointed committee of the person and property of Louis Schwerthoffer by the Supreme Court of New York county, and on May tenth a commission issued to such committee. At the time of the appointment of said committee the defendant Ellen Schwerthoffer and Louis Schwerthoffer also owned as tenants by the entirety a parcel of real property in the borough of Manhattan, and in order that the two pieces might be disposed of in a single proceeding and thus save expense, on May 20, 1922, the said defendant entered into a contract for the sale of the Manhattan property. Immediately proceedings were begun by petition, notice, etc., to sell the property held by the said tenants by the entirety. On May thirtieth petition was made to the Supreme Court for leave to sell both parcels in the one proceeding. The petition was returnable on June ninth, and on June sixteenth an order was granted appointing the respondent John W. Remer as special guardian of the said incompetent tenant by the entirety, and a referee was appointed in such proceedings. The evidence shows that the special guardian did all in his power to hasten the progress of the proceedings, and the first hearing was held before the referee on June 19, 1922. Said hearings continued until July 28, 1922; and it appears that every effort was made, both by Mrs. Schwerthoffer and by the special guardian, to accelerate said proceeding and to obtain the approval of the court of the aforesaid contract and to obtain the authority of the court to fulfill the same by executing a deed to the plaintiff. A few days prior to the due date, July 1, 1922, counsel for the defendant Ellen Schwerthoffer notified the attorney for the plaintiff that in all probability they would be unable to close the proceedings and obtain the approval of the court to the contract by the first

of July, and asked for a short extension of time for that purpose. The attorney replied by letter to the effect that he would lay the matter before the plaintiff, but very much doubted whether the plaintiff would consent to any extension. On July first the plaintiff tendered performance and refused any extension of time to complete the proceedings. On July third actual possession of the premises was tendered to the plaintiff, but refused. On July twentieth the plaintiff brought action in the Supreme Court against the defendant Ellen Schwerthoffer alone for the recovery of $250 and a lien to enforce claim. On July twenty-eighth the referee appointed in proceedings to sell the real property advised that his report was ready, but refused to deliver the same until paid the sum of $350 as his fees as referee. Some little delay then ensued. The special guardian was without funds, and the assistance of the justice who appointed the referee was sought in an effort to induce the referee to file his report; and finally, on July thirty-first, said referee filed his report approving the proposed sale of both parcels of real estate owned by said tenants by the entirety. On August third the referee's report was approved by the order of the Supreme Court and the special guardian and committee were directed to enter into contracts; and on the same day there was a written and acknowledged ratification of the contract in question by the special guardian and committee, and a certified copy of the approval order of August third was delivered by the special guardian personally to the attorney for the plaintiff and addressed to the plaintiff. On August fourth the special guardian reported the filing of the contract, and on August seventh an order was granted confirming his report. On August eighth the special guardian was informed that an additional bond would be required, and on August fourteenth the additional bond was given and filed. On August 15, 1922, title to the premises in question was formally tendered to the plaintiff with duly executed deeds thereof from the special guardian and from Ellen Schwerthoffer, as committee and individually, and demand was made upon plaintiff for performance of said contract. On August 17, 1922, in response to such tender, plaintiff, through her attorney, signified her refusal to perform.

The action in the Supreme Court brought by the plaintiff to recover of the defendant Ellen Schwerthoffer the $250 down payment being at issue on August 25, 1922, the special guardian moved to intervene in said Supreme Court action, and on September fifth the motion of the special guardian was heard, and on September twenty-second the court granted an order directing that the special guardian intervene and holding that the incompetent was a necessary

party and that the contract of April sixth was entered into for his benefit. On September twenty-sixth the defendants again demanded performance by the plaintiff of said contract, which was refused. On October 3, 1922, the action brought in the Supreme Court by the plaintiff was discontinued against the objection of the defendants on payment of costs by the plaintiff. The defendants, being unable to induce the plaintiff to perform the contract, then entered into active efforts and negotiations to dispose of the real property in question and finally on October 3, 1922, found a purchaser, one Wolfson, who entered into a contract for the purchase of said property for the sum of $12,000. Title with Wolfson was closed on November 3, 1922. Immediately after the discontinuance of the action in the Supreme Court the present action was brought by the plaintiff in the Municipal Court, Borough of The Bronx, to recover of the defendant Ellen Schwerthoffer the said sum of $250. Application was then made to the Municipal Court, Borough of The Bronx, to bring in the said special guardian as a party defendant, and an order was granted on November 20, 1922, directing that said special guardian intervene as a party defendant in the present action and directing service upon said special guardian of a supplemental summons and complaint on or before November 20, 1922. Separate answers were filed on the part of the defendants Ellen Schwerthoffer and Louis Schwerthoffer, the latter by John W. Remer, his special guardian. In said answers counterclaims were set up setting forth the breach of the contract by the plaintiff and plaintiff's refusal to accept title to said premises when tendered, and inability of the defendants to obtain a sale of said premises in a sum exceeding $12,000, and demanding judgment on such counterclaims against the plaintiff for the sum of $1,000 damages suffered by reason of plaintiff's failure to accept title and pay for said premises in accordance with said contract of April 6, 1922. Trial of the action was commenced in the Municipal Court on March 16, 1923, but the justice presiding became ill and died before deciding the issues. On April 19, 1923, the issues were retried, and on May twenty-fifth a decision was made dismissing the plaintiff's complaint and directing the entry of judgment in favor of the defendants and against the plaintiff for the sum of $750 on said counterclaim; and accordingly judgment was entered on May 25, 1923, in the Municipal Court of the City of New York, Borough of The Bronx, Second District, in favor of the defendants and against the plaintiff for $750, with $45 and $2.72 costs and disbursements, as taxed, making in all $797.72. On appeal to the Appellate Term the judgment of the Municipal Court was unanimously affirmed without opinion. On application for a reargument

or for leave to appeal to this court, the Appellate Term denied the application for a reargument but granted the plaintiff's application for leave to appeal to the Appellate Division.

I am of the opinion that under the evidence and the circumstances as disclosed by the record, the defendants were erroneously given judgment in the Municipal Court and that the same was improperly sustained by the Appellate Term. While the contract clearly shows that the parties contemplated the taking of the usual and proper proceeding to dispose of the interest of Louis Schwerthoffer, a tenant by the entirety of the premises contracted to be sold and who at the time was an incompetent person and confined in the State Hospital at Central Islip, N. Y., nevertheless, the contract reads that the due date was to be July 1, 1922, and that time was of the essence thereof. The parties undoubtedly both understood that in order to consummate the sale it would be necessary to take a proper proceeding in court to obtain the approval of the court to said contract, and nearly three months were given those representing the incompetent in which to carry through the necessary proceeding and obtain authority to convey the incompetent's interest. I am, therefore, of the opinion that the words, " time to be of the essence of this contract," cannot be disregarded in an action at law to recover the down payment on failure of the seller to give good title on the due date, July 1, 1922. No reformation of the contract is asked. This action is purely one at law to recover the down payment upon failure of the seller to obtain the approval of the Supreme Court and to complete the sale by the due date. The purchaser stood upon her rights under the terms of the contract, refused to accept a deed tendered by the sellers over six weeks after they had contracted to furnish the same, and sued to recover the down payment. While Mrs. Schwerthoffer and the special guardian were most diligent in their efforts to consummate the sale, and while much may be said in support of their claim that equitably the purchaser should be required to perform, we can find no legal ground for denying the plaintiff judgment in this case against the defendants for the money paid by her.

The determination of the Appellate Term and the judgment of the Municipal Court should be reversed and a new trial granted, with costs in all courts to the appellant to abide the event.

CLARKE, P. J., and BURR, J., concur; FINCH and MARTIN, JJ., dissent,

MARTIN, J. (dissenting):

The contract here under consideration recited that proceedings in the Supreme Court would be necessary to obtain permission

to sell the property of the incompetent. The clause " time is of essence " must, therefore, be given a reasonable construction and must be read in connection with the other provisions of the contract which appear to clearly qualify that clause.

When so read, it is apparent that in case the proceedings to sell the incompetent's property were expeditiously carried out, there being no unnecessary delays, a reasonable adjournment was contemplated, if found necessary on the day of closing.

Prior to that day the seller, through no fault on his part, was unable to complete the court proceedings. It having been shown that the delay was through no fault of the seller, the refusal to grant an adjournment was unreasonable and hence the judgment should be affirmed.

FINCH, J., concurs.

Determination of Appellate Term and judgment of the Municipal Court reversed and a new trial ordered, with costs in all courts to the appellant to abide the event.